IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK KWANING | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 15-6021 |
| COMMUNITY EDUCATION | : | |
| CENTERS, INC. | : | |
| | : | |

**KEARNEY, J.**                                                                 **DECEMBER 11, 2015**

### MEMORANDUM

The Family and Medical Leave Act laudably recognizes an employee's desire to help distant and ill parents by providing for paid leave. There are bounds to this paid leave regardless of the employee's race or national origin. The leave is not time to allow the employee to take care of personal items such as fixing flat tires. The employer also may check on the accuracy of the employee's request and, if warranted, use vacation and sick leave as a "substitute" for unpaid FMLA leave. These employer steps, at least as plead in the Complaint in this case, do not constitute discrimination, retaliation or hostile work environment because they affect a Ghana native. In the accompanying Order, we grant the employer's motion to dismiss its employee's claims for discrimination, retaliation, violations of the FMLA and hostile work environment but grant the employee leave to file an amended complaint to possibly plead a discrimination or retaliation claim consistent with this Opinion.

### I.   ALLEGED FACTS

Community Education Centers, Inc. ("CEC") employs Frank Kwaning ("Officer Kwaning") as a corrections officer at its George W. Hill Correctional Facility (the "Prison"). Officer Kwaning is a native of Ghana.[1]

In 2011, Officer Kwaning learned his father in Ghana suffered from high blood pressure and hypertension related illnesses in addition to injuries sustained in a car accident.[2] His father's medical needs required Officer Kwaning's family members remaining in Ghana to provide daily care.[3] Officer Kwaning began making annual two-month long trips to Ghana to relieve family members in their continual care for his father.[4] CEC approved each of Officer Kwaning's travels for leave under the Family and Medical Leave Act ("FMLA") "lasting up to 3 consecutive months."[5]

On April 16, 2014, Officer Kwaning returned from his annual Ghana trip to his father.[6] Upon returning, Officer Kwaning told CEC he would begin working on April 21, 2014.[7] From April 16 to April 21, 2014, Officer Kwaning continued to attend to some of his father's medical needs such as phone calls in the middle of the night—due to the time change—"which interrupt [Officer Kwaning's] normal bodily rhythms."[8] Upon returning home, he also needed time to tend to his own affairs neglected during his Ghana trip including car maintenance.[9] On April 21, 2014—the day CEC expected him at work—Officer Kwaning suffered a flat tire and called the Prison.[10] The Prison told Officer Kwaning he was no longer entitled to FMLA protection because he returned to the United States and if he did not report for work, he would be disciplined.[11] The Prison also told Officer Kwaning he had no more sick time available.[12]

Officer Kwaning then reported for work on April 21, 2014 and asked why CEC exhausted his sick pay.[13] The Prison told him the collective bargaining agreement ("CBA") required it exhaust all sick time during an extended FMLA leave.[14] Officer Kwaning contends the CBA has no such mandate and alleges he arbitrated the issue and won.[15] Officer Kwaning alleges CEC created this "fiction . . . as a form of harassment and discrimination."[16]

Officer Kwaning alleges after making this inquiry, CEC asked him to produce evidence of his Ghana travel, including a stamped passport and plane ticket.[17] Officer Kwaning produced the evidence and then filed a grievance because other FMLA applicants and Caucasian officers in particular are not subject to the same scrutiny.[18] CEC said everyone who travels outside of the country for FMLA leave is subject to the same scrutiny.[19] Officer Kwaning alleges this scrutiny is evidence of national origin discrimination.[20]

## II. ANALYSIS

Kwaning alleges CEC violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, 43 Pa. Con. Stat. § 959 ("PHRA"), and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").[21] CEC moves to dismiss all claims contained in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[22]

### a. Timeliness of Officer Kwaning's claims under Title VII and the PHRA.[23]

Pennsylvania is a deferral state where Title VII requires Officer Kwaning file an EEOC charge within three hundred (300) days of the alleged discriminatory employment practice.[24] Similarly, the PHRA requires Officer Kwaning file within 180 days of any act of employment discrimination.[25]

Officer Kwaning dual filed his administrative charge on February 4, 2015.[26] Any discriminatory act occurring before April 10, 2014, is time barred under Title VII. Any discriminatory act before August 8, 2014, is time barred under the PHRA. Because all of Officer Kwaning's claims occurred before August 8, 2014, his PHRA claims are time barred as a matter of law.

CEC also argues Officer Kwaning failed to exhaust his hostile work environment claim because it is not fairly within the scope of his administrative charge.[27] Officer Kwaning does not

3

necessarily challenge CEC's argument but rather confusingly argues he intended to consolidate claims in his February 4, 2015 administrative charge with claims in a July 22, 2013 administrative charge.[28] In his February 4, 2015 EEOC charge, however, Officer Kwaning admits the July 22, 2013 charges "were removed from the EEOC and PHRC pursuant to a right to sue letter and are presently pending in the Courts."[29]

"After a charge is filed, 'the scope of a resulting private civil action in the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' "[30] Even interpreting Officer Kwaning's charge liberally, we find no allegations which can reasonably be expected to grow into a hostile work environment claim. Officer Kwaning's allegations revolve around one event rather than CEC's continuing course of conduct and he does not plead language indicating a hostile work environment.[31] Officer Kwaning failed to exhaust his hostile work environment claim and this claim is dismissed with prejudice.[32]

### b. Officer Kwaning did not state a claim for race or national origin discrimination.

Officer Kwaning's Title VII discrimination and retaliation claims are governed by the oft-cited *McDonnell Douglas* burden shifting framework because he does not present direct evidence of discrimination.[33] To establish a *prima face* race or national origin discrimination claim, Officer Kwaning must show (1) he is a member of a protected class; (2) who suffered an adverse employment action; and (3) the circumstances of the adverse employment action give rise to an inference of discrimination.[34] If Officer Kwaning satisfies these requirements, the burden then shifts to CEC to offer a legitimate non-discriminatory reason for the adverse action.[35] If CEC meets this modest burden, we then examine whether Officer Kwaning shows CEC's proffered reason is actually pretext for discrimination.[36]

CEC argues Officer Kwaning has not pled sufficient facts to establish a *prima facie* case of discrimination.[37] Specifically, it argues Officer Kwaning has not plausibly pled any adverse employment action taken against him. Moreover, the facts, as pled, do not support an inference of unlawful discrimination.[38]

Officer Kwaning alleges two specific incidents as adverse employment actions: 1) "the improper exhaustion of sick leave without pay," and 2) "the discipline imposed for not producing satisfactory degree of proof that the leave was actually spent ministering to the sick, proofs that are not required of U.S. residents."[39]

An adverse employment action under Title VII "must be sufficiently severe as to alter the employee's compensation, terms, conditions, or privileges of employment . . . ."[40] The adverse employment action must be a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits."[41] As a corollary, "trivial harms" and "petty slights" cannot form the basis of an adverse employment action as Title VII is not a "general civility code for the American workplace."[42]

Officer Kwaning's allegations regarding discipline imposed on him for failing to provide proof of his Ghana travel does not constitute an adverse action. Officer Kwaning does not allege any actual discipline. He argues CEC disciplined him for not producing sufficient proof of his Ghana travel constitutes an adverse action. Yet, he alleges he did in fact produce the proof required by CEC.[43] If it is the fact CEC required him to show the proof, this requirement is not sufficiently adverse. Officer Kwaning does not allege this requirement significantly changed his employment status, nor does he allege it materially changed his employment terms or conditions.[44] In contrast, the "improper exhaustion of sick leave" may constitute an adverse

5

employment action.[45] The improper exhaustion may have altered Officer Kwaning's compensation or privileges of employment.[46]

Regardless, Officer Kwaning failed to allege this adverse action occurred under circumstances giving rise to an inference of discrimination. "The central focus of the *prima facie* case is always whether the employer is treating some people less favorably than others because of their race, color religion, sex, or national origin."[47] Officer Kwaning only alleges, "the Employer seemingly created this fiction (that his sick time was exhausted) as a form of harassment and discrimination."[48] Officer Kwaning has not plausibly alleged facts creating an inference of racial, ethnic, or national origin discrimination with regard to the exhaustion of his sick time.[49] Accordingly, we grant CEC's motion to dismiss this race or national origin discrimination claim.

**c.     Officer Kwaning did not state a *prima facie* case of Title VII retaliation.**

"To establish a *prima facie* case of retaliation under Title VII, a plaintiff must tender evidence that: (1) []he engaged in activity protected by Title VII; (2) the employer took an adverse action against [him]; and (3) there was a causal connection between [his] participation in the protected activity and the adverse employment action."[50] We assume, as do the parties, Officer Kwaning's protected activity is his filing of an EEOC complaint on July 22, 2013. Moreover, with the lessened adverse employment action standard in the retaliation context, our earlier analysis indicates the "improper exhaustion of sick leave" may constitute an adverse employment action.[51]

With regard to a causal connection, however, Officer Kwaning pleads insufficient facts to establish a *prima facie* case. There is not one specific way in which a plaintiff may show a causal connection but rather, he "may rely on a broad array of evidence to demonstrate a causal link between his protected activity and the adverse action taken against him."[52] A plaintiff may

6

rely on unusually suggestive timing to establish causation.[53] In the absence of such timing, we may look to the intervening period for "antagonistic conduct or animus against the employee."[54] Moreover, other types of circumstantial evidence such as "inconsistent reasons" for the adverse action or "treatment of other employees" may satisfy the plaintiff's burden.[55]

Officer Kwaning alleges nothing to support a causal connection between the protected activity and the adverse action. First, nine months passed between the protected activity and the adverse action, which is not unusually suggestive.[56] Second, Officer Kwaning's complaint is devoid of any allegations regarding a pattern of antagonism directed towards him in the intervening period. Moreover, Officer Kwaning does not allege circumstantial evidence of other employees being treated more favorably. Accordingly, Officer Kwaning's retaliation claim is dismissed.

### d. Officer Kwaning did not state a FMLA claim.

Officer Kwaning brings a FMLA claim for "improperly exhausting sick pay and vacation days, by engaging in discrimination, and by chilling the exercise of rights under the FMLA."[57] "The primary purposes of the FMLA are to 'balance the demands of the workplace with the needs of families' and 'to entitle employees to take reasonable leave for medical reasons.' "[58] To achieve these purposes, the FMLA provides employees two avenues for redress: 1) interference with their rights under the FMLA; and 2) retaliation for exercising these rights.[59]

Officer Kwaning does not define his claim under the FMLA. From a most liberal interpretation, we cannot find him complaining of interference with his FMLA rights, nor could he as he received all of the FMLA benefits he requested without restraint or interference.[60] Thus, we are left only with a FMLA retaliation claim. As the provision providing the substantive right is sometimes referred to as the "discrimination" provision, we will take Officer Kwaning's mention of discrimination to mean he is asserting a retaliation claim under the FMLA.

To establish a FMLA retaliation claim, Officer Kwaning must show (1) he invoked his right to FMLA-qualifying leave, (2) he suffered an adverse employment action, and (3) the adverse action was causally related to his invocation of rights.[61] Officer Kwaning pleads, and CEC does not contest, he invoked his right to FMLA leave at some point prior to his Ghana trip. CEC does challenge the occurrence of any adverse employment action and the causal connection between Officer Kwaning's invocation of his rights and such adverse action.[62]

Requiring Officer Kwaning to produce his stamped passport cannot constitute an adverse action under the FMLA. Officer Kwaning argues no such certification requirement exists in the FMLA.[63] This argument is not persuasive. Our Court of Appeals in *Callison* stated, "there is no right in the FMLA to be left alone. Nothing in the FMLA prevents employers from ensuring that employees who are on leave from work do not abuse their leave . . . ."[64] Thus, we dismiss any FMLA retaliation claim based on CEC's request for Officer Kwaning to produce his stamped passport.

The exhaustion of his sick leave concurrently with his FMLA leave is not an adverse employment action under the FMLA. The FMLA and its accompanying regulations provide the employee or the employer the opportunity to use paid leave, including vacation and sick leave, as a "substitute" for unpaid FMLA leave.[65] In other words, while an employee is taking eligible unpaid FMLA leave, the employee may choose to "substitute accrued paid leave for FMLA leave."[66] If the employee chooses not to do so, the "employer may require the employee to substitute accrued paid leave for unpaid FMLA leave."[67] "The term substitute means that the paid leave provided by the employer, and accrued pursuant to established policies of the employer, will run concurrently with the unpaid FMLA leave."[68] This relieves employers "from having to provide both the statutory 12 weeks of leave required by the FMLA and the paid leave

8

benefit separately."[69] Officer Kwaning's complaint, as plead, does not provide sufficient facts to establish he suffered an adverse employment action for invoking his FMLA rights. Accordingly, we will dismiss this claim.

### e. Leave to Amend

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."[70] As Officer Kwaning's PHRA claims are time-barred as a matter of law and he failed to exhaust his hostile work environment claim, amendment of these claims is futile. However, Officer Kwaning may amend his complaint to allege facts sufficient to support his claims within the bounds of Federal Rule of Civil Procedure 11.

### III. CONCLUSION

We dismiss Officer Kwaning's PHRA claims as time barred. We find Officer Kwaning failed to exhaust his administrative remedies as to his hostile work environment claim. We dismiss his Title VII discrimination and retaliation claims because Officer Kwaning fails to allege facts sufficient to support such claims. Additionally, we dismiss his FMLA claims for failure to state a claim upon which relief can be granted. Officer Kwaning may, if he wishes, amend his complaint to allege facts supporting a Title VII discrimination and retaliation claim and FMLA claim consistent with this opinion and guided by Rule 11.

---

[1] (ECF Doc. No. 1, at ¶¶ 1-3.)

[2] (*Id.* at ¶ 8.)

[3] (*Id.*)

[4] (*Id.* at ¶ 9.)

[5] (*Id.* at ¶ 10.)

---

[6] (*Id.* at 11.) Kwaning does not allege the date he requested leave, the date he left for Ghana, or the date CEC required he return.

[7] (*Id.*)

[8] (*Id.*)

[9] (*Id.* at ¶ 12.)

[10] (*Id.* at ¶¶ 12-13.)

[11] (*Id.* at ¶ 13.)

[12] (*Id.*)

[13] (*Id.* at ¶ 14.)

[14] (*Id.*)

[15] (*Id.* at ¶ 15.)

[16] (*Id.*)

[17] (*Id.* at ¶ 16.)

[18] (*Id.* at ¶ 17.)

[19] (*Id.* at ¶ 18.)

[20] (*Id.*)

[21] (*Id.* at ¶¶ 23-35.)

[22] A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for a failure to state a claim upon which relief can be granted examines the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs set forth "a short and plain statement of the claim," which gives the defendant " 'fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley*, 355 U.S. at 47). The complaint need not contain "detailed factual allegations" but rather "sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173

L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 556). We must "accept all the factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp.*, 643 F.3d at 84 (alteration in original) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient " 'to raise a right to relief above the speculative level.' " *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank,* 712 F.3d 165, 169 (3d Cir.2013) (quoting *Twombly,* 550 U.S. at 555).

[23] The FMLA does not require a plaintiff to exhaust administrative remedies prior to bringing a claim in federal court. *See Thomas v. St. Mary Med. Ctr.*, 22 F. Supp. 3d 459, 472 n.19 (3d Cir. 2014) (citations omitted).

[24] 42 U.S.C. § 2000e-5(e).

[25] 43 Pa. Con. Stat. §§ 959(h).

[26] (ECF Doc. No. 1, at 28.)

[27] (ECF Doc. No. 5, at 8-9.)

[28] (ECF Doc. No. 6-2, at 3.)

[29] (ECF Doc. No. 1, at 28, ¶ 3.)

[30] *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (quoting *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) (internal quotations omitted)).

[31] *Cf. Anjelino v. New York Times Co.*, 200 F.3d 73, 94-95 (3d Cir. 1999) (finding term "abusive atmosphere" interchangeable with hostile work environment).

[32] Even if the claim were properly before us, we find it would be subject to dismissal as Officer Kwaning does not state sufficient facts to support his claim. He has not plausibly plead facts of intentional discrimination on account of his race, ethnicity, or national origin. Even assuming he did, the complaint is devoid of facts evidencing conduct was so severe or pervasive as to create an objectively hostile working environment.

[33] *See Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 n.5 (3d Cir. 2006) (citations omitted).

[34] *Jones v. School Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999).

[35] *Id.* (citation omitted)

[36] *Id.*

[37] (ECF Doc. No. 5, at 6-7.)

[38] (*Id.* at 7.)

[39] (ECF Doc. No. 6-2, at 2.)

[40] *Davis v. City of Newark*, 285 F. App'x 899, 903-04 (3d Cir. 2008) (citing *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1296-97 (3d Cir. 1997), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)).

[41] *Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 152-53 (3d Cir. 1999).

[42] *Burlington*, 548 U.S. at 68 (citation omitted).

[43] (ECF Doc. No. 1, at Ex. 1 ¶ 17.)

[44] *Durham Life Ins. Co.*, 166 F.3d at 152-53.

[45] *See Burgess-Walls v. Brown*, No. 11-275, 2011 WL 3702458, *5 (E.D. Pa. Aug. 22, 2011) (finding "miscalculation of plaintiff's sick time" sufficient adverse employment action).

[46] *Id.*

[47] *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003).

[48] (ECF Doc. No. 1, at Ex. 1 ¶ 15.)

[49] *See Chernobai v. Hydraulax Prods., Inc.*, No. 14-6938, 2015 WL 710464, *3-4 (E.D. Pa. Feb. 19, 2015) (dismissing complaint where plaintiff could not show inference of national origin discrimination).

[50] *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006) (citation and internal quotations omitted).

[51] *Id.* at 341.

[52] *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 302 (3d Cir. 2007).

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] *See, e.g. Williams v. Phila. Hous. Auth.*, 380 F.3d 751, 760 (3d Cir. 2004) (finding gap of two months not usually suggestive).

---

[57] (ECF Doc. No. 1, at Ex. 1 ¶ 34.)

[58] *Callison v. City of Phila.*, 430 F.3d 117, 119 (3d Cir. 2005) (quoting 29 U.S.C. § 2601(b)(1) and (2)).

[59] *Id.*

[60] *See id.* at 120-21 (finding employer's "call-in policy" did not conflict with FMLA and did not interfere with substantive rights). To the extent Officer Kwaning is arguing CEC "forced" him to come back to work early and thus interfered with his FMLA rights, this claim is also dismissed. Officer Kwaning called the Prison to inform them of his return to work on April 21, 2014. (ECF Doc. No. 1, Ex. 1 at ¶ 11.) He then alleges he suffered a flat tire preventing him from reporting for work on April 21. He does not aver he requested an additional FMLA leave day on April 21 and if he did, we could not find the Prison to have interfered. Officer Kwaning cannot use his FMLA leave for non-FMLA leave purposes such as fixing flat tires. *Callison*, 430 F.3d at 121. Accordingly, this claim, to the extent it exists, is dismissed.

[61] *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-02 (3d Cir. 2012).

[62] (ECF Doc. No. 5, at 10.)

[63] (ECF Doc. No. 6-2, at 4-5.)

[64] 430 F.3d at 121.

[65] 29 U.S.C. § 2612(d)(2); 29 C.F.R. § 825.207.

[66] 29 C.F.R. § 825.07(a).

[67] *Id.*

[68] *Id.*

[69] *Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1205 (11th Cir. 2001).

[70] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).